Danny J. Horen, Esq.
NV Bar No. 13153
Kazerouni Law Group, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (800) 400-6808x7
Facsimile: (800) 520-5523
danny@kazlg.com

David H. Krieger, Esq.
NV Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 130
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff*
Julia Meyn

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **JULIA MEYN,**<br><br>Plaintiff,<br><br>v.<br><br>**ARMADA CORP. OF NEVADA,**<br><br>Defendant. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

///

///

///

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. JULIA MEYN ("Plaintiff") by Plaintiff's attorneys, brings this action to challenge the actions of ARMADA CORP. OF NEVADA ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to plaintiff, or to plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.
6. Defendant's violations were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.
7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1692 *et seq.*; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).
9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").
10. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and Defendant is subject to personal jurisdiction in the County of Clark, State of Nevada as Defendant conducts business there, and the conduct giving rise to this action occurred in Nevada.

28 U.S.C. § 1391(b)(2). Moreover, Defendant is listed as a Nevada domestic corporation with the Nevada Secretary of State.

## PARTIES

11. Plaintiff is a natural person who, at the time of the conduct giving rise to this action, resided in the County of Clark, State of Nevada, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection" and is therefore a "debt collector" as the terms are defined by 15 U.S.C. § 1692a(6).

13. Defendant is a debt collector, offering debt collection services in various industries.

14. The alleged debt is regarding a dental obligation, which is money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. Because this alleged debt is for a dental obligation, which is primarily for personal, family, or household purposes, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

///

///

## GENERAL ALLEGATIONS

15. At all times relevant, Plaintiff was an individual residing within the State of Nevada.

16. At all times relevant, Defendant conducted business in the State of Nevada.

17. Sometime in 2013, Plaintiff allegedly incurred an obligation to a dental office for dental services rendered, and at some point thereafter fell behind on the payments. This debt was money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" and a "consumer debt" as the terms are defined by 15 U.S.C. § 1692(a)(6).

18. Plaintiff takes no position as to the validity of the alleged debt.

19. Subsequently, the alleged debt was allegedly assigned, placed or otherwise transferred, to Defendant for collection.

## DEFENDANT'S DECEPTIVE ATTEMPTS TO COLLECT DIFFERENT AMOUNTS

20. On or about July 11, 2014, Defendant or its agent/s began contacting Plaintiff via written letter (the "letter") in attempt to collect the alleged debt. This letter was a "communications" as defined in 15 U.S.C. § 1692(a)(2).

21. Defendant's letter was an attempt to collect an alleged debt originally owed to Dr. Thomas Tenney DMD. Defendant's July 11, 2014 letter to Plaintiff was Defendant's initial contact with Plaintiff regarding the alleged debt owed.

22. Defendant's letter to Plaintiff included the following:

| | |
|---|---|
| Creditor: | DR THOMAS TENNEY DMD |
| Reference #: | ME0016 |
| Principal: | $470.78 |
| Collection fee: | $164.77 |
| Notification fee: | $0.00 |
| Agency Int: | $3.52 |
| **Amount Due:** | **$639.07** |

23. In response to Defendant's letter and as is Plaintiff's right under the FDCPA, Plaintiff filed a dispute with Defendant on July 28, 2014.

24. On July 29, 2014, Defendant sent Plaintiff a debt verification letter. Defendant's letter included the following summary:

| | |
|---|---|
| Creditor: | DR THOMAS TENNEY DMD |
| Amount: | $470.78 |
| Interest: | $4.74 |
| Fees: | $164.77 |
| **Total:** | **$640.29** |

25. However, along with the verification letter, Defendant included a ledger from the original creditor, dated July 28, 2014 that showed the balance due as **$635.56**, not the $640.29 Defendant attempted to collect in the verification letter.

26. Subsequently, on October 15, 2014, Defendant filed a collection lawsuit against Plaintiff (the "collection action") in the Justice Court of Las Vegas Township, Case No. 14C016259.

27. Adding even more confusion to the attempts to collect from Plaintiff, the collection action seeks an entirely different amount of **$625.55**.

28. Defendant clearly sought, on multiple occasions, to collect different amounts from Plaintiff. Those collection attempts for various amounts were deceptive and unlawful.

29. Defendant's attempt to collect various, conflicting amounts from Plaintiff on at least three separate occasions was misleading, false and deceptive, and therefore violated 15 U.S.C. § 1692e.

30. When Defendant attempted to collect various, conflicting amounts from Plaintiff, Defendant mischaracterized the amount of the alleged debt owed, and therefore violated 15 U.S.C. § 1692e(2).

31. By attempting to collect various, conflicting amounts from Plaintiff, Defendant violated 15 U.S.C. § 1692e(10) by using deceptive means to collect Plaintiff's alleged debt.

32. By attempting to collect various, conflicting amounts from Plaintiff, Defendant violated 15 U.S.C. § 1692f by using unconscionable and unfair means in attempt to collection the alleged debt owed by Plaintiff.

33. Defendant's attempt to collect $640.29 in its verification letter that included evidence that the alleged amount owed was $635.56 was an attempt to collect more than Defendant was lawfully able to collect. Therefore, Defendant's attempt to collect from Plaintiff violated 15 U.S.C. § 1692f(1).

///

///

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §§ 1692-1692(P) (FDCPA)**

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

36. As a result of each and every violation of the FDCPA, Plaintiff is entitled to damages of $1,000 and such amount as the court may allowed for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §§ 1692-1692(P) (FDCPA)**

- an award of statutory damages of $1,000.00 to each named Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- an award of any such amount as the court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net

worth of each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B), against Defendant;

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and
- any other relief the Court may deem just and proper.

**TRIAL BY JURY**

37. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 17, 2014

Respectfully submitted,

BY: /S/ DANNY J. HOREN

DANNY J. HOREN, ESQ.
NV BAR NO. 13153
KAZEROUNI LAW GROUP, APC
ATTORNEYS FOR PLAINTIFF